UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**HAROLD EUGENE HAYES**                                                                                       **PLAINTIFF**

**v.**                                                                                       **CIVIL ACTION NO. 5:24-CV-P50-CRS**

**BRAD BARTHULY** *et al.*                                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Harold Eugene Hayes is incarcerated as a convicted prisoner at Kentucky State Penitentiary (KSP). He sues the following KSP officials – Officer Brad Barthuly, Officer Devin Nielsen, Officer Alysta Butts, and Officer Emily Aguilar. He sues Defendants Barthuly and Nielson in both their official and individual capacities and Defendant Butts in her official capacity only. He does not indicate in what capacity he sues Defendant Aguilar. As relief, Plaintiff seeks compensatory and punitive damages.

Plaintiff makes the following allegation in the complaint:

Appx 2 weeks before the assault happen [Defendant] Barthuly . . . escorted me to the shower. . . . [H]e randomly asked me if "if I was goin to get stabed once I complete the (B mod) class and go to the yard?" I told him "not that I'm aware of, where did you hear that from?" "He stated one of the former gang members of a gang" [Defendant] Barthuly acted with deliberate indifference where he knew my life, safety, and/or well being was possibly at risk to be in jeopardy to serious injury or harm and did not respond reasonably. Failing to report & document such a threat against my life, safety, & well being! Because of this I was stabbed on 8-16-2023 when I went to the yard. On 8-16-2023 [Defendant] Aguilar . . . escorted me to [my] cell. . . . At this time, [she] has janitors and inmates out working & some inmates that was not supposed to be out . . . . Some of these inmates was a part of

a former gang I was in.  Once I was in my cell, . . . she begins to let inmates out for chow.  When my door opens I do not exit to go to chow my door begins to close, a inmate grabs my door to hold it open for another inmate to come in my cell. [Defendant] Aguilar saw this happen & did not immediately call it in via radio.  The other inmate runs from one of the top floors to my cell.  As I am being assaulted by one inmate, the other holding the door try's to come in and gets caught in the door shutting.  [Defendant] Aguilar sees the inmate stuck in my cell door & reopens the cell door to free the inmate stuck in my cell door.  The inmate proceeds to come in. She closes my cell door locking me in a dangerous & unsafe situation while I am being assaulted & repeatedly stabbed on the floor of my cell by the inmates.  When the officers do finally take action they come to my cell spraying (OC) at the assaultive inmates, but they do not stop!  So the officers then taze them and they stop assaulting me for a few seconds, then manage to get back on top of me again. At time ofc. deploy more tazors, not only on them but also me.  In my right leg a tazer was deployed while I'm on the floor bleeding badly and could not breath.  My oxygen was getting weaker.  They proceed to spray "all" of us again.  [Defendant] Nielson was the one that deployed tazer dart pack unto me! Also sprayed me. [Defendant] Butts helped me to medical after I was forced to walk there by [Defendant] Nielson with two collapsed lungs, tazor dart pack hanging out of my leg, & while I could not see b/c of OC spray & blood in my eyes.  [Defendant] Nielson should have called medical & got a stritcher, carried me to medical being that obvious I was badly stabed & suffered several injuries.  [Defendant] Nielson making me walk to medical under such conditions & knowing that I had been stabed, being the knife's he ordered the inmates to put on the floor with blood all over them, was act of deliberate indifference & cruel & punishment . . . . violating my 8th Amendment right.  [Defendant] Nielson also violated my 8th Amendment right when he deliberately tazed me while I was on the floor badly bleeding & getting assaulted & could barely breath, not being a threat to his, and any other officers or wellbeings . . . .  [Defendant] Barthuly violated my 8th Amendment right by failing to report that I was goin to get stabed . . . .  [Defendant Aguilar] failed to protect me & acted with deliberate indifference to this situation, as she seen this assault on me taking place & failed to take immediate action & by locking me in the cell during extremely dangerous, unsafe assault on my physical person.  These officers knew what was going to happen to me & did not properly do their jobs or respond reasonably to help prevent the assault that nearly take my life. . . .  From these officers failure to respond reasonably to both prevent & to the actual assault I have suffered . . . 50+stab/puncture wounds in my backside, cut the back side of ear, cut on my left cheek, cut on my left forearm, 2 punctured lungs "collapsed" fractured spine & psychological damage . . . .

(DN 1).

2

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

Plaintiff's official-capacity claims against Defendants are subject to dismissal. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when state officials are sued for damages in their official capacity.").

For these reasons, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking damages from Defendants who are immune from such relief.

### B. Individual-Capacity Claims

### 1. Defendant Barthuly

Based upon Plaintiff's allegations against him, <u>the Court will allow an Eighth Amendment failure-to-protect claim to proceed against Defendant Barthuly in his individual capacity</u>.

### 2. Defendant Aguilar

As indicated above, Plaintiff did not specifically indicate that he is suing Defendant Aguilar in her individual capacity. However, no *per se* rule requires that a § 1983 plaintiff affirmatively plead "individual capacity" in the complaint. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). Instead, the Sixth Circuit applies a "course of proceedings" test to determine whether §1983 defendants received notice of the plaintiff's intent to hold them personally liable. *Id*. Under this inquiry, courts consider several factors, including the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of and the defenses raised in response to the complaint. *Id*. at 772 n.1. *See also Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002); *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003); *Garcia v. Dykstra*, 260 F. App'x 887, 894-95 (6th Cir. 2008).

Here, the complaint contains personal allegations against Defendant Aguilar. Moreover, the nature of the claims asserted provides Defendant Aguilar "clear notice" that she "faces individual liability of some sort for the conduct" described in the complaint. *Moore*, 272 F.3d at 774. Plaintiff also seeks compensatory and punitive damages. As explained above, damages are not available in official-capacity suits against state employees. Thus, the Court concludes that the complaint shows that Plaintiff intended to sue Defendant Aguilar in her individual capacity and put her on notice of such.

Upon consideration, <u>the Court will allow an Eighth Amendment failure-to-protect claim to proceed against Defendant Aguilar in her individual capacity.</u>

### 3. Defendant Nielson

The Court construes the complaint as asserting an Eighth Amendment excessive-force claim and an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Nielson in his individual capacity.

### a. Excessive Force

The Eighth Amendment proscribes the unnecessary and wanton infliction of pain against prisoners. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Although prison discipline may require that inmates endure relatively greater physical contact, the Eighth Amendment is nonetheless violated if the "offending conduct reflects an unnecessary and wanton infliction of pain." *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (internal alterations and quotation marks omitted).

There is an objective component and a subjective component to an Eighth Amendment excessive-force claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The "subjective component focuses on the state of mind of the prison officials," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), and requires a court to ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Plaintiff alleges that Defendant Nielson "deliberately" tased him while he was "on the floor badly bleeding & getting assaulted & could barely breath, not being a threat to his, and any other

officers or well beings . . . ."  Based on this allegation, <u>the Court will allow and Eighth Amendment excessive-force claim to proceed against Defendant Nielson in his individual capacity.</u>

### b. Deliberate Indifference to a Serious Medical Need

Plaintiff also asserts that Defendant Nielson violated his constitutional rights when, instead of calling for a stretcher, he forced Plaintiff to walk to "medical" even though it was obvious that he been "badly stabbed & suffered several injuries."  Plaintiff specifically alleges that he had "two collapsed lungs, [a] tazor dart pack hanging out of my leg, & . . . could not see b/c of OC spray & blood in my eyes."

An Eighth Amendment claim for deliberate indifference to a serious medical has both an objective and a subjective component.  The objective component requires the plaintiff to show that the medical need at issue is "sufficiently serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For purposes of this initial review, the Court will assume that Plaintiff's medical needs were sufficiently serious to satisfy the objective component of the standard.

The subjective component requires a showing that the prison "official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."  *Id*. at  838.

The Court concludes that Plaintiff's allegations fail to show that Defendant Nielson acted with deliberate indifference when he failed to call a stretcher to take Plaintiff to medical.  Although Plaintiff alleges that he had two collapsed lungs at the time, there is no way that Defendant Nielson could have known this.  Relatedly, although Defendant Nielson was presumably aware that

Plaintiff had been stabbed, nothing in the complaint suggests that he knew how serious Plaintiff's injuries were. And, according to the complaint, the only other injuries that Defendant Nielson was aware of are that Plaintiff had a "dart pack" in his leg and "OC spray and blood" in his eyes.

Based upon these allegations, the Court concludes that the complaint fails to show Defendant Nielson knew that he was placing Plaintiff at substantial risk of even more serious harm when he had Plaintiff walk to medical instead of calling a stretcher for him.

Thus, Plaintiff's Eighth Amendment claim against Defendant Nielson for deliberate indifference to a serious medical need must be dismissed for failure to state a claim upon which relief may be granted.

### 4. Defendant Butts

Finally, the Court need not determine whether Plaintiff intended to sue Defendant Butts in her individual capacity because, even if he did, the complaint fails to state a claim against her. Plaintiff alleges that Defendant Butts helped him walk to medical after Defendant Nielson refused to call a stretcher for him. The Court can discern no constitutional claim based upon this allegation. Thus, Plaintiff's claim against Defendant Butts will also be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) Plaintiff's Eighth Amendment failure-to-protect claims against Defendants Barthuly and Aguilar in their individual capacities and his Eighth Amendment excessive-force claim against Defendant Nielson in his individual capacity shall be allowed to proceed. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

(2) Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

(3) Plaintiff's claim against Defendant Butts and his Eighth Amendment claim against Defendant Nielson claim for deliberate indifference to Plaintiff's serious medical needs are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(4) Because no claim remains against Defendant Butts, **the Clerk of Court is DIRECTED to terminate her as a party to this action.**

(5) The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: April 19, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      Justice & Public Safety Cabinet, Office of Legal Counsel
4411.011